## ISAAC E. HARRISON v. UNION TRANSPORTATION COMPANY.

Submitted July 5, 1911—Decided November 13, 1911.

1. A summons issued out of the small cause court can be legally served only in the manner directed by the act creating that court.
2. With respect to the service of summons on a domestic corporation, section 17 of the Small Cause act (*Pamph. L.* 1903, *p.* 255), as amended by the act of 1906 (*Pamph. L., p.* 47), names

a succession of officers in the order in which, if possible, they shall be served, to .wit, *first*, on the president or head officer or agent in charge of its principal office in this state; and *secondly*, in case the president or other head officer or agent cannot be found and has no usual place of abode in the county, then on the clerk or secretary if any there be within the county; and *thirdly*, if no clerk or secretary, then on one of its directors; and *fourthly*, if no director, then upon the agent in charge of any office maintained in the county.

3. Where a domestic corporation has a director residing within the county upon whom service of a summons issued out of the small cause court may be made, service upon an agent in charge of an office maintained in the county is not a legal service.

On *certiorari*.

Before Justices GARRISON, TRENCHARD and KALISCH.

For the prosecutor, *Barton B. Hutchinson*.

For the defendant, *V. Claude Palmer*.

The opinion of the court was delivered by

TRENCHARD, J.    This *certiorari* brings up a judgment of the small cause court of Burlington county in favor of the plaintiff below.

The defendant insists that the judgment must be set aside because the summons was not legally served.

A summons issued out of the small cause court can be legally served only in the manner directed by the act creating that court.

The defendant is a domestic corporation.  Section 17 of the Small Cause act (*Pamph. L.* 1903, *p.* 255), as amended by the act of 1906 (*Pamph. L., p.* 47), provides that "If the defendant is a domestic corporation, the summons may be served on the president or head officer or agent in charge of its principal office in this state, either personally or by leaving a copy at his usual place of abode, at least six days before its return; and in case the president or other head officer or agent cannot be found to be served with process, and has no usual place of abode in the county, the summons may be served on the clerk

or secretary of the corporation, if any there be within the county, and if no clerk or secretary, then on one of its directors, and if no director, then upon the agent in charge of any office maintained in the county, either personally or by leaving a copy at his usual place of abode within the county, six days before its return."

The summons in this case was served "by reading it to Joshua M. Lamb, agent of the defendant at Cookstown, and giving him a copy thereof."

The proofs presented to the court below on the motion to set aside the summons disclosed the following matters of fact: That the person upon whom service was made is the station agent of the defendant in Cookstown, in Burlington county; that three directors of the defendant corporation reside in Burlington county, and that the principal office of the defendant is in Ocean county.

We are of opinion that the summons was not legally served. The statute hereinabove recited names a succession of officers in the order in which, if possible, they shall be served, to wit, *first,* on the president or head officer or agent in charge of its principal office in this state; and *secondly,* in case the president or other head officer or agent cannot be found and has no usual place of abode in the county, then on the clerk or secretary, if any there be within the county; and *thirdly,* if no clerk or secretary, then on one of its directors; and *fourthly,* if no director, then upon the agent in charge of any office maintained in the county.

Since there were three directors of the defendant corporation residing within the county upon anyone of whom service might have been made as required by section 17 of the act, the service upon an agent in charge of an office maintained in the county is not a legal service. That being so, it is unnecessary in this case to determine whether the person served in this case was an agent in charge of an *office.*

The judgment of the court below will be reversed.